**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GREG RODRIGUEZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:22-cv-01569-JLT-SAB<br><br>ORDER DENYING MOTION TO CONTINUE SCHEDULING CONFERENCE<br><br>(ECF Nos. 34, 35) |

**I.**

**INTRODUCTION**

Currently before the Court is Defendants' motion to continue the initial scheduling conference and related dates. (ECF No. 34.) Plaintiff opposed the motion. (ECF No. 35.) While Defendants did not initially set this motion for hearing, having considered the moving papers and the Court's file, the Court finds this matter suitable for decision without oral argument and the parties will not be required to appear for a hearing on the motion. See Local Rule 230(g). For the reasons explained herein, the Court shall deny the motion.

///
///
///
///

1

## II.

## BACKGROUND

Plaintiff Jane Doe[1] ("Plaintiff") initiated this civil rights action against Defendant Officers Greg Rodriguez, Favre, Allen, Valladares, and Mosqueda, Acting Warden Michael Pallares, the State of California, and the California Department of Corrections and Rehabilitation ("CDCR") (collectively, "Defendants") on December 5, 2022, for claims pursuant to 42 U.S.C. § 1983 and state law.  (ECF Nos. 1, 3.)  The operative first amended complaint alleges Doe was repeatedly sexually assaulted and raped by Officer Rodriguez when she was incarcerated at Central California Women's Facility ("CCWF"), and the other Defendants failed to protect her from this harm.  (ECF No. 8.)  The subsequently-filed case, Jane Roe v. Officer Greg Rodriguez, et al., No. 1:22-cv-01574-JLT-SAB has been related to the instant matter.  (ECF No. 36.)  The initial scheduling conference for this matter is currently set for April 20, 2023.  (ECF No. 24.)

Defendants State of California and CDCR were dismissed on March 8, 2023.  (ECF No. 30.)  Defendant Rodriguez filed an answer to the amended complaint on March 23, 2023.  (ECF No. 33.)  Defendants Allen, Mosqueda, Pallares, and Valladares filed a motion to dismiss on March 9, 2023.[2]  (ECF No. 32.)  Defendant Favre, who was served on December 23, 2022 (see ECF No. 17), has never appeared in this action.[3]  On March 29, 2023, the Court ordered Plaintiff to request entry of default, grant a responsive pleading extension, or submit a status report as to the status of service on Favre and readiness for the April 20, 2023 scheduling conference.  (ECF No. 38.)  In response, Plaintiff dismissed Defendant Favre on April 4, 2023.  (See ECF Nos. 40, 41.)

On March 24, 2023, Defendants Allen, Mosqueda, Pallares, and Valladares filed the instant motion to continue the initial scheduling conference and related dates, seeking to continue

---

[1] On December 12, 2022, the Court granted Plaintiff's *ex parte* motion to proceed pseudonymously, without prejudice to reconsideration when Defendants appeared, if they wished to file an opposition.  (ECF Nos. 6, 9.) Defendants have appeared but have not opposed the motion.

[2] Plaintiff opposed the motion to dismiss on April 4, 2023.  (ECF No. 42.)  The motion to dismiss is currently set before District Judge Jennifer L. Thurston for adjudication on the briefings.  (See ECF No. 37.)

[3] In their motion to dismiss, Defendants indicate that "no person by [the name of Favre] has been located in CCWF's records.  (ECF No. 32-1 at 7 n.1.)

1  the scheduling conference and the commencement of discovery until 30 days after issuance of a
2  ruling on Defendants' pending motion to dismiss.[4]  (ECF No. 34.)  Plaintiff filed an opposition to
3  the motion on March 27, 2023, on the basis that the motion improperly seeks a protective order
4  and stay of all discovery, even though this has never been discussed between the parties.  (ECF
5  No. 35.)  The Court has considered the merits of Defendants' motion and shall deny the request
6  to continue the scheduling conference for the reasons discussed herein.

## III.

## LEGAL STANDARD

To the extent Defendants' motion for continuance also seeks to stay discovery, it is construed as a motion for protective order and addressed accordingly.

Federal Rule of Civil Procedure ("Rule") 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense."  Fed. R. Civ. P. 26(b).  It further states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.

However, there are limits to these general discovery principles.  Under Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  The party seeking the protective order has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery."  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004) (citation omitted).  Further, the Ninth Circuit has found that a stay is appropriate where it "furthers the goal of efficiency for the court and litigants."  See, e.g., Rutman Wine v. E. & J. Gallo Winery, 829 F.2d 729 (9th Cir. 1987) (stating, in the context of an antitrust action, that "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery").  This coincides with the goal of Rule 1, which directs that the Federal Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action."

---

[4] Defendant Rodriguez does not oppose the moving Defendants' motion for continuance.  (See ECF No. 34 at 2.)

Fed. R. Civ. P. 1.

Ninth Circuit caselaw demonstrates a party may seek a protective order to stay discovery pending resolution of a potentially dispositive motion, such as a Rule 12(b)(6) motion to dismiss. See, e.g., Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6)).  Nonetheless, the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. Indeed, district courts look unfavorably upon such blanket stays of discovery. See, e.g., Skellercup Indus. Ltd. v. City of L.A., 163 F.R.D. 598, 600–01 (C.D. Cal. 1995) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect.  In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.") (citation and quotation marks omitted).  Therefore, within the context of a pending motion to dismiss, a motion for a protective order seeking to preclude discovery must be supported by "good cause" and a "strong showing." See Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975); accord Skellercup Indus. Ltd., 163 F.R.D. at 600; In re Valence Tech. Sec. Litig., No. C 94–1542–SC, 1994 WL 758688, at *2 (N.D. Cal. Nov. 18, 1994); see also Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements."); Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test") (citation and quotation marks omitted).

Furthermore, the Ninth Circuit has held that under certain circumstances, a district court abuses its discretion if it prevents a party from conducting discovery relevant to a potentially dispositive motion. See Alaska Cargo Transp., Inc. v. Alaska R.R., Corp. (Alaska Cargo), 5 F.3d 378, 383 (9th Cir. 1993) (district court would have abused its discretion in staying discovery if the discovery was relevant to whether or not the court had subject matter jurisdiction); see also Quair v. Bega, No. CV F 02 5891 REC DLB, 2005 WL 552537, at *2 (E.D. Cal. Mar. 7, 2005)

(denying a protective order is particularly appropriate if a stay of discovery could preclude either party from fully preparing for the pending dispositive motion) (citing <u>Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA</u>, 220 F.R.D. 349, 352 (N.D. Cal. 2003)).

While the Ninth Circuit has not announced a clear standard against which to evaluate a request or motion to stay discovery in the face of a pending, potentially dispositive motion, varying tests have been applied by the California district courts. One test considers: (1) whether the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed; and (2) whether the pending, potentially dispositive motion can be decided absent additional discovery. Under this test, a protective order is appropriate where the moving party satisfies these two prongs, but discovery should proceed if either prong of the test is not met. District courts in California have applied variations of this test with frequency. <u>See</u>, e.g., <u>Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.</u>, Civ. No. S–10–1207 GEB GGH, 2011 WL 130228 (E.D. Cal. Jan. 14, 2011) ("peeking" at merits of underlying dispositive to determine whether there was "no question … that the dispositive motion will prevail, and that therefore, discovery is a waste of effort."); <u>Quest Commc'ns Corp. v. Herakles, LLC</u>, No. 2:07-cv-00393-MCE-KJM, 2007 WL 2288299 (E.D. Cal. Aug. 8, 2007) (evaluating likelihood that leave to amend would be granted to determine whether underlying motion was truly dispositive); <u>Seven Springs Ltd. P'ship v. Fox Cap. Mgmt. Corp. (Seven Springs)</u>, No. S-07-0142 LKK GGH, 2007 WL 1146607 (E.D. Cal. Apr. 19, 2007) (requiring defendant to show by clear and convincing evidence it would prevail on the merits of its dispositive motion in order to obtain a stay of discovery); <u>but see</u> <u>GTE Wireless, Inc. v. Qualcomm, Inc.</u>, 192 F.R.D. 284 (S.D. Cal. 2000) (on reconsideration to district judge, magistrate judge's requirement that it be "immediately certain" or "foregone conclusion" that pending dispositive motion would be granted, when ruling on stay motion, was clear error); <u>see also</u> <u>Hall v. Tilton</u>, No. C 07–3233 RMW (PR), 2010 WL 539679 (N.D. Cal. Feb. 9, 2010) (applying cursory evaluation of dispositive nature of underlying motion); <u>Pac. Lumber Co.</u>, 220 F.R.D. at 352 (evaluating scope and breadth of discovery requests, issues for which discovery was needed, and prejudice to

nonmoving party).⁵

Regardless, district courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); Alaska Cargo, 5 F.3d at 383 (concluding granting a motion to stay discovery pending a motion to dismiss is within the Court's discretion); see also Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211–12 (9th Cir. 2002) (finding that the law gives district courts broad latitude to grant protective orders); Dichter-Mad Fam. Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam) (district courts may exercise broad discretion in managing discovery).

In sum, determining whether a stay of discovery pending the outcome of a dispositive motion is warranted requires a case-by-case analysis because the inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case. The Court finds the aforementioned authorities instructive in evaluating the "good cause" requirement set forth under Rule 26(c)(1) as well as the goal of Rule 1 to "secure the just, speedy, and inexpensive determination of every action," and therefore bases its analysis on the factors most pertinent to the instant case, as follows.

## IV.

## DISCUSSION

### A. The Pending Motion is Potentially Dispositive of Plaintiff's Claims as Asserted Against Defendants Allen, Mosqueda, Pallares, and Valladares but not Defendant Rodriguez

As noted above, in evaluating whether a stay should issue, California district courts evaluate the dispositive nature of the underlying motion in various manners. Some courts, in taking a "peek" at the merits of the potentially dispositive motion, have conducted fairly in-depth analyses of the underlying motion, sometimes requiring the defendant establish a strong

---

⁵ Another test considers multiple factors on a case-by-case basis to determine the propriety of the requested discovery stay: (1) the type of motion and whether it is a challenge as to the "sufficiency" of the allegations or as a "matter of law"; (2) the nature and complexity of the action; (3) whether counterclaims and/or cross-claims have been interposed; (4) whether some or all of the defendants join in the request for a stay; (5) the posture or stage of the litigation; (6) the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and (7) any other relevant circumstances. See Skellercup Indus. Ltd., 163 F.R.D. at 601 (quoting Hachette Distrib., Inc. v. Hudson Cnty. News Co., 136 F.R.D. 356, 358 (E.D.N.Y 1991)).

likelihood of success on the merits in order to receive a stay of discovery. See, e.g., Cal. Sportfishing Prot. All., 2011 WL 130228; Quest Commc'ns, 2007 WL 2288299; Seven Springs, 2007 WL 1146607. However, with respect to the instant matter, it is the District Judge, and not this Court, who is responsible for resolving Defendants' underlying motion to dismiss. Accordingly, this Court's "peek" at the merits, while consistent with the general practice of courts in this District, is limited.

Based on its limited "peek" at the merits, the Court has determined that the underlying motion, if successful, would be fully dispositive of Plaintiff's claims as asserted against the moving Defendants. The motion seeks dismissal of the first amended complaint in its entirety based on qualified immunity as to the federal claims, immunity pursuant to California Government Code §§ 820.2 and 820.8 as to the state claims, and, alternatively, failure to state a claim. (See ECF No. 32-1 at 10–23.) The moving Defendants thus raise a colorable argument that Plaintiff's claims against them, which are premised upon failure to protect and vicarious liability principles, are precluded by the aforementioned federal and state immunities.[6] See Hall, 2010 WL 539679, at *2; see also Hicks v. Hamkar, No. 2:13-cv-1687-KJM-CKD P (TEMP), 2015 WL 10435020, at *3 (E.D. Cal. Dec. 3, 2015), report and recommendation adopted, 2016 WL 861761 (E.D. Cal. Mar. 7, 2016) (granting unopposed motion to stay discovery pending ruling on motion to dismiss on qualified immunity grounds); Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife, 288 F.R.D. 500, 506 (D. Nev. 2013) (stay of discovery warranted where underlying dispositive motion raised issues regarding jurisdiction and the alleged immunity of the defendants).

In opposition, Plaintiff argues a stay of discovery as to Defendant Rodriguez would be improper because he has answered the complaint. (ECF No. 35.) The Court agrees. The motion to dismiss is limited in scope to the dismissal of Defendants Allen, Mosqueda, Pallares, and Valladares. Meanwhile, Defendant Rodriguez, the primary Defendant in this action, has

---

[6] Beyond this finding, this Court declines to conduct an in-depth review of the underlying merits of the motion presently before the District Judge. To do so would be procedurally awkward and judicially inefficient. Again, the Court emphasizes that no pronouncement of this Court concerning the merits of the pending dispositive motion binds the District Judge in any way.

answered the complaint and it is beyond dispute that the litigation will proceed against him. Therefore, at most, Defendants have only indicated that a stay of discovery pending resolution of the motion to dismiss may be appropriate as to moving Defendants Allen, Mosqueda, Pallares, and Valladares.

### B. The Pending Dispositive Motion Can Be Decided Absent Additional Discovery from Defendants Allen, Mosqueda, Pallares, and Valladares

Also relevant to the Court is the determination that the instant motion to dismiss speaks purely to the sufficiency of Plaintiffs' allegations. See Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987) (holding district court did not abuse its discretion in denying discovery when the complaint did not raise factual issues requiring discovery to resolve). As to moving Defendants Allen, Mosqueda, Pallares, and Valladares, the Court concludes the motion to dismiss can be decided without the discovery sought by Plaintiff. See Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (holding that on the facts presented, "discovery could not have affected" the district court's preliminary decision regarding issues of immunity). This factor thus weighs in favor of moving Defendants Allen, Mosqueda, Pallares, and Valladares.

### C. Good Cause/Prejudice to Plaintiff

Finally, the Court also considers whether Defendants have met their burden to establish good cause exists to stay discovery by demonstrating harm or prejudice that will result from the discovery. Rivera, 364 F.3d at 1063. Here, Defendants argue they should not be subjected to the burdens of suit or discovery obligations until the question of immunity and qualified immunity is resolved. Defendants argue that, because qualified immunity is not merely a defense but constitutes immunity from suit, good cause exists to continue the scheduling conference, the related scheduling report and Rule 26(f) conference dates until after the pending motion to dismiss is resolved. (ECF No. 34 at 2–3.)

The Court also considers the potential prejudice to Plaintiff, as it is a significant consideration to the instant matter. Plaintiff reiterates that voluminous discovery is anticipated in this action, as Defendant Rodriguez is alleged to have raped and sexually assaulted more than 22 women while employed by the State of California at CCWF. (ECF No. 35 at 3–4.) Plaintiff

1  indicates she intends to seek documents and videos from CDCR and the State of California, and
2  the depositions of Rodriguez's supervisors and co-workers, and the other individuals who
3  complained to moving Defendants and others about other alleged rapes and sexual assaults
4  committed by Rodriguez.  In opposition to Defendants' motion, Plaintiff argues that the videos
5  and documents sought from CDCR and the State of California must be obtained before their loss
6  or destruction; and a delay in her ability to take the depositions of Rodriguez's supervisors and
7  co-workers, and other rape victims would be prejudicial to her because witnesses' memories will
8  fade over time, and some witnesses may be impossible to locate after their release from prison.

9       On balance, the Court finds that, while a stay of discovery with respect to the moving
10 Defendants may be warranted, the blanket stay of discovery Defendants request is not
11 appropriate.  That is, the instant motion only presents argument in support of a stay of discovery
12 as to Defendants Allen, Mosqueda, Pallares, and Valladares, but does not provide argument with
13 respect to Rodriguez.  Meanwhile, Plaintiff's claims against Defendants Allen, Mosqueda,
14 Pallares, and Valladares—failure to protect/failure to supervise—are derivative to her rape and
15 sexual assault claims against Rodriguez.  Thus, the Court surmises the vast majority of Plaintiff's
16 intended discovery will be sought from Rodriguez, who has already answered the complaint.  It
17 therefore seems a patently unjust result to preclude Plaintiff from obtaining any discovery at this
18 juncture based on the pending motion of the moving Defendants.

19      Nonetheless, while the Court declines to stay discovery as to Rodriguez, it is inclined to
20 grant the stay as to Defendants Allen, Mosqueda, Pallares, and Valladares, pending resolution of
21 their motion to dismiss raised on immunity grounds.  However, it remains unclear to the Court at
22 this time whether or how much the discovery Plaintiff will seek from Rodriguez overlaps with
23 the discovery she intends to seek from Allen, Mosqueda, Pallares, and Valladares.  Nor have the
24 parties addressed what discovery may be sought from only Rodriguez, or proposed a discovery
25 plan that partitions or phases discovery so as to avoid undue burden on the moving Defendants.
26 For these reasons, the Court shall continue the matter regarding the moving Defendants' request
27 to stay discovery and will hear the parties' arguments at the April 20, 2023 scheduling
28 conference.  Accordingly, the parties are directed to include their position/s with respect to the

aforementioned discovery in their joint scheduling conference statement in advance of the scheduling conference.

## V.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to continue the April 20, 2023 scheduling conference (ECF No. 34) is DENIED;

2. The matter regarding Defendants Allen, Mosqueda, Pallares, and Valladares's request to "continue related dates," construed as a motion to stay discovery pending resolution of their motion to dismiss, is CONTINUED to April 20, 2023, and shall be addressed at the scheduling conference;

3. The parties shall be prepared to address the potential for limited or phased discovery as to Defendants Allen, Mosqueda, Pallares, and Valladares, in light of their pending motion to dismiss, which should also be included in the parties' joint scheduling conference statement to be submitted in advance of the scheduling conference; and

4. The parties are reminded that they shall file a joint scheduling conference statement **seven (7) days** prior to the scheduling conference.

IT IS SO ORDERED.

Dated: **April 5, 2023**

UNITED STATES MAGISTRATE JUDGE