# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GREG RODRIGUEZ, et al.,<br><br>　　　　Defendants. | **Case No. 1:22-cv-01569-JLT-SAB**<br><br>**SCHEDULING ORDER (Fed. R. Civ. P. 16)**<br><br>**Initial Limited Discovery Deadlines as to Plaintiff and Defendant Greg Rodriguez Only:**<br>　　Initial Disclosures: **May 12, 2023**<br>　　Non-Expert Discovery: **January 26, 2024.** |

### I.   Date of Scheduling Conference

The Scheduling Conference was held on **April 20, 2023**.

### II.   Appearances of Counsel

Robert Lynn Chalfant appeared by video on behalf of Plaintiff.

Harry S. Stern appeared by video on behalf of Defendant Greg Rodriguez.

Jeremy Duggan appeared by video on behalf of Defendants Michael Pallares, Officer Allen, Officer Valladares, and Officer Mosqueda.

### III.   Consent to Magistrate Judge

The parties have not consented to proceed before a United States Magistrate Judge. The

Court notes that the District Judges in the Eastern District are among the busiest in the nation. As stated in Judge Thurston's standing order issued in this action: "The judges of the United States District Court for the Eastern District of California have long labored under one of the heaviest caseloads in the nation even when operating with a full complement of six authorized District Judges−which it has not had in years . . . the parties in all civil cases are reminded of their option to consent to magistrate judge jurisdiction . . . because magistrate judges cannot preside over felony criminal trials, trial dates in civil cases can be set before the assigned magistrate judge with the expectation that the trial will commence on the date scheduled." (ECF No. 10-1 at 4.) Parties may consent, decline or withhold consent without any adverse consequences, and the assigned Magistrate Judge will not be informed of the individual party's holding or withholding of consent.

### IV.     Initial Disclosure under Fed. R. Civ. P. 26(a)(1)

As discussed at the scheduling conference, the Court shall order limited discovery to proceed as between Plaintiff and answering Defendant Greg Rodriguez only, while the motion to dismiss as the other Defendants is pending consideration by the District Judge. Initial disclosures required by Fed. R. Civ. P. 26(a)(1) shall be completed by Plaintiff and Defendant Greg Rodriguez on or before **May 12, 2023.** Discovery as to Defendants Michael Pallares, Officer Allen, Officer Valladares, and Officer Mosqueda, is stayed until further order of the Court.

### V.     Amendments to Pleading

The parties are advised that filing motions and/or stipulations requesting leave to amend the pleadings does not reflect on the propriety of the amendment or imply good cause to modify the existing schedule, if necessary. All proposed amendments must (A) be supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any modification to the existing schedule, see Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), and (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or (4) futile, see Foman v. Davis, 371 U.S. 178, 182 (1962).

### VI.     Discovery Plan and Cut-Off Dates

As discussed at the scheduling conference, the Court shall order limited discovery to

proceed as between Plaintiff and answering Defendant Greg Rodriguez only, while the motion to dismiss as the other Defendants is pending consideration by the District Judge. Plaintiff and Defendant Greg Rodriguez are ordered to complete non-expert discovery on or before **January 26, 2024.**

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

Keeping in mind the limited allowance of discovery as only between certain parties at this stage of the proceedings and the Court's discussion of the informal discovery dispute resolution process at the scheduling conference, the parties are cautioned that the discovery/expert cut-off deadlines are the dates by which all discovery must be completed. Absent good cause, discovery motions will not be heard after the discovery deadlines. Moreover, absent good cause, the Court will only grant relief on a discovery motion if the relief requested requires the parties to act before the expiration of the relevant discovery deadline. In other words, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and confer, time to prepare, file and hear a motion to compel and time to obtain relief on a motion to compel. Counsel are expected to take these contingencies into account when proposing discovery deadlines. Compliance with these discovery cutoffs requires motions to compel be filed *and heard* sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

### VII. Pre-Trial Motion Schedule

Unless prior leave of Court is obtained at least seven (7) days before the filing date, all moving and opposition briefs or legal memorandum in civil cases shall not exceed twenty-five (25) pages. Reply briefs filed by moving parties shall not exceed ten (10) pages. Before scheduling any motion, the parties must comply with all requirements set forth in Local Rule 230 and 251.

As noted, limited non-expert discovery, including motions to compel, shall be completed

no later than **January 26, 2024.**. Compliance with these discovery cutoffs requires motions to compel be filed *and heard* sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely. Non-dispositive motions are heard on Wednesdays at 10:00 a.m., before United States Magistrate Judge Stanley A. Boone in Courtroom 9.

In scheduling any non-dispositive motion, the Magistrate Judge may grant Applications for an Order Shortening Time pursuant to Local Rule 144(e). However, if counsel does not obtain an Order Shortening Time, the Notice of Motion must comply with Local Rule 251.

Counsel may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than three (3) court days before the noticed hearing date. In the event that more than one attorney requests to appear by telephone, then it shall be the obligation of the moving party(ies) to arrange and originate a conference call to the court.

*Discovery Disputes:* If a motion is brought under Fed. R. Civ. P. 37, the parties must prepare and file a Joint Statement re Discovery Disagreement ("Joint Statement") as required by Local Rule 251. The Joint Statement must be filed fourteen (14) calendar days before the scheduled hearing date. Courtesy copies of all motion-related documents, declarations, and exhibits must be delivered to the Clerk's Office by 10:00 a.m. on the fourth court day prior to the scheduled hearing date. Motions will be removed from the court's hearing calendar if the Joint Statement is not timely filed or if courtesy copies are not timely delivered. In order to satisfy the meet and confer requirement set forth in Local Rule 251(b), the parties must confer and talk to each other in person, over the telephone or via video conferencing before the hearing about the discovery dispute. The Court may issue sanctions against the moving party or the opposing party if either party fails to meet and confer in good faith.

**VIII.  Settlement Conference**

Should the parties desire a settlement conference, they will jointly request one of the court, and one will be arranged. In making such request, the parties are directed to notify the

4

court as to whether or not they desire the undersigned to conduct the settlement conference or to arrange for one before another judicial officer.

### IX. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial

Not applicable at this time.

### X. Related Matters Pending

This matter is related to Jane Roe v. Rodriguez, 1:22-cv-01574-JLT-SAB.

### XI. Compliance with Federal Procedure

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of California.

Additional requirements and more detailed procedures for courtroom practice before United States Magistrate Judge Stanley A. Boone can be found at the United States District Court for the Eastern District of California's website (www.caed.uscourts.gov) under Judges; United States Magistrate Judge Stanley A. Boone (SAB). In the area entitled "Case Management Procedures," there is a link to "Standard Information." All parties and counsel shall comply with the guidelines set forth therein.

### XII. Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested. The parties are**

**advised that due to the impacted nature of civil cases on the district judges in the Eastern District of California, Fresno Division, that stipulations to continue set dates are disfavored and will not be granted absent good cause.**

**Lastly, should counsel or a party appearing pro se fail to comply with the directions as set forth above, an ex parte hearing may be held and contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered.**

IT IS SO ORDERED.

Dated:  **April 20, 2023**

_____
UNITED STATES MAGISTRATE JUDGE